**Leonard D. DuBoff**, OSB #774378
lduboff@dubofflaw.com
The DuBoff Law Group
6665 S.W. Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Facsimile: (503) 968-7228

Of Attorneys for Plaintiff
Oregon Catholic Press

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**OREGON CATHOLIC PRESS**, an Oregon nonprofit corporation

Plaintiff,

v.

**VINCE AMBROSETTI, TRUSTEE OF VINCE AMBROSETTI MINISTRIES aka INTERNATIONAL LITURGY PUBLICATIONS**, a 501(c)(3) trust, **LAMB PUBLICATIONS, LLC**, a Tennessee limited liability company, **VINCE AMBROSETTI**, an individual, and **DOES 1-10**, inclusive.

Defendants.

Civil Case No. ____________________

**COMPLAINT**

**Copyright Infringement (17 U.S.C § 501,** ***et seq*****)**

**DEMAND FOR JURY TRIAL**

Plaintiff Oregon Catholic Press alleges its action against Vince Ambrosetti, individually and as trustee of Vince Ambrosetti Ministries and against Lamb Publications, LLC and Does 1-10, inclusive, as follows.

**JURISDICTION AND VENUE**

1.

This is a claim for copyright infringement arising under 17 U.S.C. §§ 501–513.

2.

This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 20 U.S.C. §1367.



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this claim occurred in this district.

**PARTIES**

4.

Plaintiff Oregon Catholic Press ("OCP") is a not-for-profit religious publisher based in Portland, Oregon, doing business as Oregon Catholic Press and as North American Liturgy Resources. It publishes liturgical music, books, choral collections, hymnals, missals, and support materials for the Catholic Church.

5.

On information and belief, Defendant Vince Ambrosetti ("Ambrosetti") is the trustee of Vince Ambrosetti Ministries, aka International Liturgy Publications ("ILP"). On information and belief, ILP is a 501(c)(3) trust.

6.

Defendant Lamb Publications, LLC ("Lamb"), a limited liability company formed under the laws of the state of Tennessee, with its principal place of business in College Grove, Tennessee, is a Christian publishing company. On information and belief, Lamb is controlled by ILP.

7.

Defendant Ambrosetti serves as the president and publisher of ILP.

8.

Does 1-10 are individuals or entities whose names are not yet known by Plaintiff. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of these fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were caused by their conduct.

///



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement against Vince Ambrosetti, as trustee of Vince Ambrosetti Ministries)**

9.

OCP re-alleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 8 above, as though fully set forth herein.

10.

OCP is the sole owner or exclusive licensee of the copyrights in certain musical compositions, among them the registered copyrights described in Exhibit A and the copyrights described in Exhibit B, for which application for registration has been made.

11.

On or about May 14, 2009, OCP and Custom Hymnal, Inc. entered into an agreement whereby OCP granted Custom Hymnal, Inc. and ILP the right to reprint in the Saint Augustine Hymnal certain musical compositions ("songs"), the rights to which are owned or exclusively licensed by OCP. The 75 licensed songs are listed in Exhibit A of that agreement. The September 27, 2011, Addendum to the 2009 agreement allowed ILP to print a new version of the Saint Augustine Hymnal that included the Order of Mass and to sell that Saint Augustine Hymnal for a period of five years from November 27, 2011.

12.

On or about June 15, 2010, OCP granted ILP the right to reprint "Bright As the Sun" in certain ILP publications, including the first edition of the Saint Augustine Hymnal.

13.

On or about February 3, 2014, OCP and ILP entered into an agreement whereby OCP granted ILP a license to reprint "a maximum of ten (10) songs to be chosen by ILP" in any ILP publication. This agreement, which includes as attachments the 2009 agreement and its 2011 addendum, as well as the 2010 agreement, is attached to this Complaint as Exhibit C.

///



The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone (503) 968-8111
Facsimile (503) 968-7228

14.

On or about July 23, 2014, defendant Ambrosetti sent OCP a letter on behalf of ILP, indicating that ILP planned to include certain specific songs in the second edition of the Saint Augustine Hymnal. Some of those songs were not included in Exhibit A to the 2009/2011 agreement.

15.

On or about August 6, 2014, OCP's attorney notified defendant Ambrosetti that the 2009/2011 agreement does not permit ILP to reprint the materials licensed by OCP in a second edition of the Saint Augustine Hymnal, though the 2014 agreement permits ILP to reprint up to ten OCP songs in a new edition of the Saint Augustine Hymnal.

16.

On or about August 7, 2014, defendant Ambrosetti wrote OCP's attorney on behalf of ILP, stating that ILP would proceed to publish the second edition of the Saint Augustine Hymnal even if OCP did not agree to the proposed list of songs, instead reprinting the songs licensed by the 2009/2011 agreement.

17.

On or about August 22, 2014, OCP's attorney sent ILP, through its publisher, defendant Ambrosetti, a letter notifying it that, if it proceeded with its plan to publish OCP works without permission, ILP would be exposing itself to potential liability for willful infringement in violation of section 504 of the Copyright Revision Act of 1976.

18.

ILP published the second edition of the Saint Augustine Hymnal, in both hardback and softcover versions. The total number of OCP songs ILP reprinted in its second edition of the Saint Augustine Hymnal is 74.

///

///

///



The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone (503) 968-8111
Facsimile (503) 968-7228

19.

Two of the 74 OCP songs that ILP reprinted in the second edition of the Saint Augustine Hymnal, "Festival Canticle: Worthy Is Christ" and "Bright As the Sun," were not listed in Exhibit A to the 2009/2011 agreement.

20.

The acts of defendant Ambrosetti as trustee of ILP alleged herein constitute copyright infringement under 17 U.S.C. § 501.

21.

OCP is informed and believes and based thereon alleges that the acts alleged above were at all times committed intentionally and willfully by Ambrosetti as trustee of ILP.

22.

The acts of Ambrosetti as trustee of ILP have caused and will continue to cause, unless enjoined, irreparable injury to OCP, including loss of sales as well as injury to OCP's business reputation and goodwill. OCP has no adequate remedy at law.

23.

OCP is entitled to an injunction restraining Ambrosetti as trustee of ILP and all persons acting in concert with them or either of them from engaging in any further acts of infringement and ordering them to destroy all copies of the infringing works.

24.

OCP is further entitled to recover from Ambrosetti as trustee of ILP the actual damages OCP has sustained and will sustain and any gains, profits, and advantages obtained by Ambrosetti as trustee of ILP as a result of the acts and infringements alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by OCP.

25.

In the alternative, with respect to the registered copyrights listed in Exhibit A, pursuant to 17 U.S.C. § 504(c)(1), OCP is entitled to recover statutory damages of $750 to $30,000 per act of infringement of those registered copyrights. Further, because Ambrosetti, as trustee of ILP, acted



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

willfully, OCP is entitled to enhanced statutory damages of up to $150,000 per act of infringement of the registered copyrights described in Exhibit A as provided in 17 U.S.C. § 504(c)(2).

26.

OCP is also entitled to an award of its reasonable attorneys' fees and costs related to the infringement of the copyrights described in Exhibit A pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**

**(Copyright Infringement against Lamb Publications, LLC)**

27.

OCP re-alleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 26 above, as though fully set forth herein.

28.

On information and belief, Lamb published and distributed the second edition of the Saint Augustine Hymnal.

29.

With knowledge of the infringement, defendant Lamb has materially contributed to the infringing conduct of others. The acts of defendant Lamb alleged herein constitute copyright infringement under 17 U.S.C. § 501.

30.

OCP is informed and believes and based thereon alleges that the acts alleged above were at all times committed intentionally and willfully by Lamb.

31.

Lamb's acts have caused and will continue to cause, unless enjoined, irreparable injury to OCP, including loss of sales as well as injury to OCP's business reputation and goodwill. OCP has no adequate remedy at law.

///

///



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

32.

OCP is entitled to an injunction restraining Lamb and all persons acting in concert with it from engaging in any further acts of infringement and ordering them to destroy all copies of the infringing works.

33.

OCP is further entitled to recover from Lamb the actual damages OCP has sustained and will sustain and any gains, profits, and advantages obtained by Lamb as a result of the acts and infringements alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by OCP.

34.

In the alternative, with respect to the registered copyrights listed in Exhibit A, pursuant to 17 U.S.C. § 504(c)(1), OCP is entitled to recover statutory damages of $750 to $30,000 per act of infringement of those registered copyrights. Further, because Lamb acted willfully, OCP is entitled to enhanced statutory damages of up to $150,000 per act of infringement of the registered copyrights described in Exhibit A as provided in 17 U.S.C. § 504(c)(2).

35.

OCP is also entitled to an award of its reasonable attorneys' fees and costs related to the infringement of the copyrights described in Exhibit A pursuant to 17 U.S.C. § 505.

**THIRD CLAIM FOR RELIEF**

**(Copyright Infringement against Vince Ambrosetti, an individual)**

36.

OCP re-alleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 36 above, as though fully set forth herein.

37.

As president and publisher of ILP, Ambrosetti had the right and ability to control and did control the musical compositions to be included in the Saint Augustine Hymnal.

///



The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone (503) 968-8111
Facsimile (503) 968-7228

38.

As president and publisher of ILP, Ambrosetti derived a direct financial benefit from the publication of the second edition of the Saint Augustine Hymnal.

39.

As president and publisher of ILP, Ambrosetti had access to the contracts between OCP and ILP as well as the letters from OCP's attorney, which were addressed to Ambrosetti. Further, Ambrosetti wrote the letter identifying the OCP songs that ILP planned to reprint in the second edition of the Saint Augustine Hymnal and the letter indicating that ILP planned to proceed with publication whether or not it received OCP's consent to do so.

40.

Defendant Ambrosetti willfully and knowingly personally participated in the infringement of OCP's copyrights, and has materially contributed to the infringing conduct of others. The acts of defendant Ambrosetti alleged herein constitute copyright infringement under 17 U.S.C. § 501.

41.

Ambrosetti's acts have caused and will continue to cause, unless enjoined, irreparable injury to OCP, including loss of sales as well as injury to OCP's business reputation and goodwill. OCP has no adequate remedy at law.

42.

OCP is entitled to an injunction restraining Ambrosetti and all persons acting in concert with him from engaging in any further acts of infringement and ordering them to destroy all copies of the infringing works.

43.

OCP is further entitled to recover from Ambrosetti the actual damages OCP has sustained and will sustain and any gains, profits, and advantages obtained by Lamb as a result of the acts and infringements alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by OCP.

///



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

44.

In the alternative, with respect to the registered copyrights listed in Exhibit A, pursuant to 17 U.S.C. § 504(c)(1), OCP is entitled to recover statutory damages of $750 to $30,000 per act of infringement of those registered copyrights. Further, because Ambrosetti acted willfully, OCP is entitled to enhanced statutory damages of up to $150,000 per act of infringement of the registered copyrights described in Exhibit A as provided in 17 U.S.C. § 504(c)(2).

45.

OCP is also entitled to an award of its reasonable attorneys' fees and costs related to the infringement of the copyrights described in Exhibit A pursuant to 17 U.S.C. § 505.

**FOURTH CLAIM FOR RELIEF**

**(Copyright Infringement against Does 1-10)**

46.

OCP re-alleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 45 above, as though fully set forth herein.

47.

On information and belief, Defendants Does 1-10 willfully and knowingly personally participated in the infringement of OCP's copyrights, and have materially contributed to the infringing conduct of others. The acts of defendants Does 1-10 alleged herein constitute copyright infringement under 17 U.S.C. § 501.

48.

The acts of Does 1-10 have caused and will continue to cause, unless enjoined, irreparable injury to OCP, including loss of sales as well as injury to OCP's business reputation and goodwill. OCP has no adequate remedy at law.

49.

OCP is entitled to an injunction restraining Does 1-10 and all persons acting in concert with them from engaging in any further acts of infringement and ordering them to destroy all copies of the infringing works.



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

50.

OCP is further entitled to recover from each of Does 1-10 the actual damages OCP has sustained and will sustain and any gains, profits, and advantages obtained by each of Does 1-10 as a result of the acts and infringements alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by OCP.

51.

In the alternative, with respect to the registered copyrights listed in Exhibit A, pursuant to 17 U.S.C. § 504(c)(1), OCP is entitled to recover statutory damages of $750 to $30,000 per act of infringement of those registered copyrights. Further, because Does 1-10 acted willfully, OCP is entitled to enhanced statutory damages of up to $150,000 per act of infringement of the registered copyrights described in Exhibit A as provided in 17 U.S.C. § 504(c)(2).

52.

OCP is also entitled to an award of its reasonable attorneys' fees and costs related to the infringement of the copyrights described in Exhibit A pursuant to 17 U.S.C. § 505.

**WHEREFORE**, OCP prays for judgment as follows:

A. That Ambrosetti, as trustee of ILP, and their respective officers, agents, employees, successors, assigns, and anyone else acting on their behalf, be enjoined during the pendency of this action and permanently from directly or indirectly infringing OCP's aforementioned copyrights in the manner alleged above;

B. That Ambrosetti, as trustee of ILP, and their respective officers, agents, employees, successors, assigns, and anyone else acting on their behalf, be required to pay OCP such damages as OCP has sustained as a consequence of ILP's infringement, and to account for all gains, profits, and advantages derived by ILP by reason of its infringements of OCP's copyrights, in an amount to be determined at trial;

C. In the alternative, that, with respect to the registered copyrights listed in Exhibit A, OCP be awarded statutory damages of up to $150,000 per act of infringement by Ambrosetti as trustee of ILP;



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

D. That Ambrosetti, as trustee of ILP, pay to OCP the costs of this action, and reasonable attorneys' fees to be awarded by the court pursuant to 17 U.S.C. § 505;

E. That OCP be awarded punitive damages in an amount to be proven at trial for the willful, wanton, and malicious actions of Ambrosetti, as trustee of ILP, in disregard of OCP's rights;

F. That Lamb and its officers, agents, employees, successors, assigns, and anyone else acting on its behalf, be enjoined during the pendency of this action and permanently from directly or indirectly infringing OCP's aforementioned copyrights in the manner alleged above;

G. That Lamb and its officers, agents, employees, successors, assigns, and anyone else acting on its behalf, be required to pay OCP such damages as OCP has sustained as a consequence of Lamb's infringement, and to account for all gains, profits, and advantages derived by Lamb by reason of its infringements of OCP's copyrights, in an amount to be determined at trial;

H. In the alternative, that, with respect to the registered copyrights listed in Exhibit A, OCP be awarded statutory damages of up to $150,000 per act of infringement by Lamb;

I. That Lamb pay to OCP the costs of this action, and reasonable attorneys' fees to be awarded by the court pursuant to 17 U.S.C. § 505;

J. That OCP be awarded punitive damages in an amount to be proven at trial for the willful, wanton, and malicious actions of Lamb in disregard of OCP's rights;

K. That Ambrosetti and his agents, employees, assigns, and anyone else acting on his behalf, be enjoined during the pendency of this action and permanently from directly or indirectly infringing OCP's aforementioned copyrights in the manner alleged above;

L. That Ambrosetti and his agents, employees, assigns, and anyone else acting on his behalf, be required to pay OCP such damages as OCP has sustained as a consequence of Ambrosetti's infringement, and to account for all gains, profits, and advantages derived by Ambrosetti by reason of its infringements of OCP's copyrights, in an amount to be determined at trial;

///



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

M. In the alternative, that, with respect to the registered copyrights listed in Exhibit A, OCP be awarded statutory damages of up to $150,000 per act of infringement by Ambrosetti;

N. That Ambrosetti pay to OCP the costs of this action, and reasonable attorneys' fees to be awarded by the court pursuant to 17 U.S.C. § 505;

O. That OCP be awarded punitive damages in an amount to be proven at trial for the willful, wanton, and malicious actions of Ambrosetti in disregard of OCP's rights;

P. That each of Does 1-10 and their agents, employees, assigns, and anyone else acting on their behalf, be enjoined during the pendency of this action and permanently from directly or indirectly infringing OCP's aforementioned copyrights in the manner alleged above;

Q. That each of Does 1-10 and their agents, employees, assigns, and anyone else acting on their behalf, be required to pay OCP such damages as OCP has sustained as a consequence of their infringement, and to account for all gains, profits, and advantages derived by them by reason of their infringements of OCP's copyrights, in an amount to be determined at trial;

R. In the alternative, that, with respect to the registered copyrights listed in Exhibit A, OCP be awarded statutory damages of up to $150,000 per act of infringement by each of Does 1-10;

S. That each of Does 1-10 pay to OCP the costs of this action, and reasonable attorneys' fees to be awarded by the court pursuant to 17 U.S.C. § 505;

T. That OCP be awarded punitive damages in an amount to be proven at trial for the willful, wanton, and malicious actions of each of Does 1-10 in disregard of OCP's rights;

U. That OCP have such other and further relief as is just and equitable.

///

///

///



**The DuBoff Law Group, PC**
**6665 SW Hampton Street, Suite 200**
**Portland, Oregon 97223-8357**
**Telephone (503) 968-8111**
**Facsimile (503) 968-7228**

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

DATED this 15th day of April, 2016.

**THE DUBOFF LAW GROUP**

Leonard D. DuBoff, OSB #774378
6665 SW Hampton Street, Suite 200
Portland, Oregon 97223-8357
Phone (503) 968-8111
Fax (503) 968-7228
lduboff@dubofflaw.com
Attorneys for Plaintif