IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


OREGON CATHOLIC PRESS, an Oregon
nonprofit corporation,

               Plaintiff,

    v.

VINCE AMBROSETTI, TRUSTEE OF
VINCE AMBROSETTI MINISTRIES aka
INTERNATIONAL LITURGY PUBLICATIONS,
a 501(c)(3) trust; LAMB PUBLICATIONS, LLC,
a Tennessee limited liability company; VINCE
AMBROSETTI, an individual; and DOES 1–10,
inclusive,

             Defendants.

No. 3:16-cv-00651-HZ

OPINION & ORDER


Leonard D. DuBoff
The DuBoff Law Group, PC
6665 SW Hampton Street, Suite 200
Portland, OR 97223-8357

Attorney for Plaintiff

Parna A. Mehrabani
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158

Barry I. Slotnick
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154

Brittany A. Schaffer
Loeb & Loeb LLP
1906 Acklen Avenue
Nashville, Tennessee 37212

Attorneys for Defendants


HERNÁNDEZ, District Judge:


Plaintiff, Oregon Catholic Press ("OCP"), brings its claims for copyright infringement

under 17 U.S.C. § 501–13. Defendants are: International Liturgy Publications ("ILP"); Lamb

Publications, LLC ("Lamb"); the president of ILP Vince Ambrosetti as an individual; and

unnamed individuals Does 1–10. OCP and ILP had multiple agreements whereby OCP granted

licenses to ILP to reprint certain songs. OCP's claims fall into two categories. First are OCP's

claims that relate to ILP's publication of OCP material in an allegedly unauthorized second

edition of the Saint Augustine Hymnal (hereinafter "Hymnal Claims"). The second category is

OCP's claims that ILP published two songs—"Glorious God" and "Bright As the Sun"—without

licenses in the book "You Are Holy" (hereinafter "Songbook Claims"). OCP is also suing Lamb

and Ambrosetti for their roles in the alleged copyright infringement under theories of

contributory and vicarious liability. Defendants now move to dismiss Plaintiff's claims on several grounds discussed below.

Defendants' motion to dismiss is granted in part. The motion is denied regarding the Hymnal Claims. The motion is denied with respect to the song "Bright As the Sun." The motion is denied with respect to OCP's claims against Lamb and Ambrosetti. The motion is granted with respect to the song "Glorious God" and the Court also grants OCP's request for leave to amend its complaint on this claim.

BACKGROUND

The following facts come from the Amended Complaint and documents referred to or relied upon in the Amended Complaint. OCP and ILP publish and sell hymnals and song books to Catholic parishes. Am. Compl. ¶¶ 4–6, 11–14, 28, ECF No. 23. On May 14, 2009, OCP and ILP entered into an agreement ("2009 Agreement") whereby OCP licensed certain songs to ILP to be published in the Saint Augustine Hymnal ("Hymnal"). Am. Compl. ¶ 11, Ex. C, at 6. The 2009 Agreement enumerated 75 OCP songs. Am. Compl. Ex. C, at 9–13. ILP published a "first edition" of the Hymnal in 2010. Am. Compl. ¶ 13.

Subsequently, the parties amended the 2009 Agreement on November 27, 2011 to permit ILP to publish "new editions" of the Hymnal ("2009/2011 Agreement"). Am. Compl. Ex. C, at 14–15. The 2009/2011 Agreement also extended the term of the license for a period of five years from September 27, 2011 to November 26, 2016. Id. Plaintiff contends that the 2009 Agreement was amended for the purpose of including a revised "Order of the Mass" at the beginning of the Hymnal pursuant to decision by the Bishops Committee on Divine Worship of the U.S. Conference of Catholic Bishops. Am. Compl. ¶ 13.

On February 3, 2014, the parties entered into another agreement ("2014 Agreement") whereby OCP licensed up to 10 songs to be chosen by ILP to be published in any ILP publication. Am. Compl. ¶ 14, Ex. C, at 1. In July of 2014, Ambrosetti sent a letter on behalf of ILP stating that it intended to publish certain OCP songs in a new edition of the Hymnal. Am. Compl. ¶ 15. OCP wrote back stating that the 2009/2011 Agreement did not permit ILP to reprint OCP materials in a second edition of the Hymnal. Id. ¶ 16. ILP replied that if OCP did not agree to the proposed song list then ILP would proceed with publication and only publish songs licensed to it under the 2009/2011 Agreement. Id. ¶ 17. OCP reiterated that it did not authorize the publication of the second edition of the Hymnal. Id. ¶ 18. ILP proceeded with publication of the second edition of the Hymnal which included 74 OCP songs covered by the parties' Agreements. Id. ¶ 20.

With respect to the Songbook Claims, OCP alleges that around June 15, 2010, it granted licenses to ILP to reprint certain songs including "Bright As the Sun" in certain publications including "Living World, Living Song, Living Faith" ("Living World"). Am. Compl. ¶ 12, Ex. C, at 23–25. In 2014, ILP published the songbook "You Are Holy" which included 12 OCP songs. Am. Compl. ¶ 19. OCP alleges that ILP did not have a license to publish the songs "Bright As the Sun" and "Glorious God" in "You Are Holy." Id. Defendants contends that OCP agreed to overlook the error regarding "Glorious God" and that its use of "Bright As the Sun" was proper because "You Are Holy" is merely "Living World" retitled. Mot. Dismiss 6, 10–14, ECF No. 29.

STANDARDS

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim

for relief survives a motion to dismiss." Id. at 679. A complaint must contain "well-pleaded

facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

In evaluating the sufficiency of a complaint's factual allegations, the court must accept all

material facts alleged in the complaint as true and construe them in the light most favorable to

the non-moving party. Wilson v. Hewlett–Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012).

"Factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007). (citations and footnote omitted). However, the

court need not accept unsupported conclusory allegations as truthful. Holden v. Hagopian, 978

F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss under Rule 12(b)(6) will be granted if a

plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S.

at 555.

DISCUSSION

OCP alleges two claims of direct copyright infringement against ILP. First, the Hymnal

Claims include OCP's allegations that ILP exceeded the scope of its licenses under the

2009/2011 Agreement by publishing an unauthorized second edition of the Hymnal. OCP's

position is that the 2009/2011 Agreement permitted ILP to republish the original version of the

Hymnal with the addition of the "Order of Mass." ILP disagrees with that restriction and

contends that the second edition was permitted by the plain language of the 2009/2011

Agreement. Second, the Songbook Claims include OCP's allegations that ILP published the

songs "Glorious God" and "Bright As the Sun" in the songbook "You Are Holy" without a license. ILP argues that: "Glorious God" was not registered; OCP granted ILP an implied license to use "Glorious God"; OCP waived its right to bring copyright infringement claims against ILP; and ILP had a valid license to publish "Bright As the Sun" in "You Are Holy."

"Plaintiffs must satisfy two requirements to present a prima facie case of direct [copyright] infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). A "copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement and can sue only for breach of contract. If, however, a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement." Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1121 (9th Cir. 1999) (quotations and citations omitted).

I.    HYMNAL CLAIMS

The Court denies Defendants' motion to dismiss OCP's Hymnal Claims. Every OCP song that was published in the second edition of the Hymnal appears to be covered by the licenses in the parties' Agreements.[1] Schaffer Decl. Ex. E; Am. Compl. Ex. C, at 9–13. Notwithstanding the valid licenses, OCP contends that ILP exceeded the scope of the 2009/2011

---

[1] The Court declines the invitation to consider documents outside of the pleadings which would require converting this motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). The Court did consider Defendants' Exhibit E (the table of contents to the second edition of the Hymnal) but it excluded Exhibit F (Nudo email). Schaffer Decl. Exs. E, F. The district court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), as amended (July 28, 1998). First, the Court finds that Plaintiff's Amended Complaint, specifically the Hymnal Claims, necessarily rely upon the contents of the second edition of the Hymnal. Am. Compl. ¶¶ 13, 15–18, 20–21. Further, even if OCP questions the authenticity of the table of contents in Exhibit E, Defendants submitted hard copies of the first and second editions of the Hymnal. Def. Reply Exs. 1, 2, ECF No. 33. Second, the Court agrees with OCP that the Nudo Email should not be considered for purposes of this motion. The authenticity of the email is disputed and OCP did not rely on the email in the Amended Complaint. For these reasons, Defendants' arguments regarding implied license and express waiver, which rely on the Nudo email, fail.

Agreement by publishing the copyrighted work in an unauthorized second edition of the Hymnal. Am. Compl. ¶ 16. The parties dispute the meaning and interchangeability of the terms "versions" and "editions" used in the 2009/2011 Agreement. OCP contends that this interchangeable use of "versions and "editions" renders the agreement "ambiguous regarding whether the license permits a second edition of the hymnal." Pl. Opp'n to Mot. Dismiss 3, ECF No. 31. Defendants argue that the 2011 Addendum did not restrict subsequent editions only to material from the first edition with the addition of "Order of Mass." Def. Reply 5.

The 2009 Agreement states: "These OCP songs may be reprinted only in the hard-cover and soft-cover **versions** of the Hymnal. This license does not extend to accompaniment editions." Am. Compl. Ex. C, at 6 (emphasis added). The 2011 Addendum states: "**New editions** of the St. Augustine Hymnal that will include an Order of Mass at the front of the edition shall be covered by this Agreement and royalties shall be paid as specified in this Agreement for these **editions**." Id. at 14 (emphasis added).

Defendants ask the Court to construe the meaning of "versions" and "editions" in their favor. In other words, the Court is being asked to reach the merits of the case well beyond what the scope of what a 12(b)(6) motion allows. Such a determination would be inappropriate at this juncture. Rather, when taking all of the material allegations from the complaint as true, the Court construes them in the light most favorable to the nonmoving party. "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Am. Family Ass'n, Inc. v. City & Cty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

In this case, Plaintiff alleges that ILP exceeded the scope its licenses under the 2009/2011 Agreement by publishing OCP songs in an unauthorized second edition of the Hymnal. When

construing the language of the 2009/2011 Agreement in the light most favorable to OCP, the Court finds that Plaintiff has pled sufficient facts to support the inference that ILP exceeded the scope of its licenses and engaged in copyright infringement.

II.    SONGBOOK CLAIMS

OCP alleges that ILP published "Glorious God" and "Bright As the Sun" in the songbook "You Are Holy" without valid licenses. ILP moves to dismiss the Songbook Claim regarding "Glorious God" on several grounds. ILP also claims that it had a valid license to publish "Bright As the Sun" under the 2010 Agreement which permitted publication in the book "Living World" allegedly retitled "You Are Holy."

A. "Glorious God"

Defendants' motion to dismiss OCP's Songbook Claim regarding the song "Glorious God" is granted. The Court also grants Plaintiff's request to amend its complaint to include allegations that the copyrighted work is "registered." Copyright registration is a precondition of filing a copyright infringement action. 17 U.S.C. § 411(a); Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166–67 (2010). The Ninth Circuit follow the "application approach" to determining registration which holds that "receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)." Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010).

Here, OCP failed to allege that "Glorious God" was registered in its Amended Complaint. Defendants pointed out this deficiency in the Amended Complaint; in response, OCP claims that it has submitted an application of registration. The Court grants OCP leave to amend its complaint to include allegations that it has submitted an application for registration of "Glorious God."

B. "Bright As the Sun"

Defendants' motion to dismiss OCP's Songbook Claim regarding the song "Bright As the Sun" is denied. When taking the allegations on the face of the Complaint as true and in the light most favorable to the nonmoving party, OCP has alleged a plausible claim of copyright infringement against ILP for its publication of "Bright As the Sun" in "You Are Holy." Defendants' request for additional discovery on the issue is inappropriate at this juncture and well beyond the scope of a motion to dismiss. "Judgment on the pleadings is limited to material included in the pleadings." Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health, 654 F.3d 919, 925 n.6 (9th Cir. 2011).

In the June 15, 2010 Agreement, OCP granted ILP the license to reprint "Bright As the Sun" in certain publications including "Living World." Am. Compl. Exs. B, C, at 23–25. ILP subsequently published the song in a songbook titled "You Are Holy," claiming that only the title of the publication changed and "[i]n all other respects, ILP comported with the terms of the June 15, 2010 License." Def. Mot. Dismiss. 13. OCP contends that "You Are Holy" is not the same work as "Living World" and the Court must construe the facts in the light most favorable to the nonmoving party. OCP licensed "Bright As the Sun" to ILP to be printed in a publication titled "Living World" and instead, ILP printed the work in a publication titled "You Are Holy." OCP has alleged a cognizable copyright infringement claim and alleged sufficient facts allowing the Court to draw the reasonable inference that ILP is liable to OCP. Therefore, Defendants' motion to dismiss this claim is denied.

III.    CLAIMS AGAINST LAMB AND AMBROSETTI

OCP claims that Lamb, who publishes for and is owned by ILP, is liable for its role in ILP's alleged direct copyright infringement. OCP also claims that Ambrosetti, the President and

publisher of ILP, is personally liable for playing a controlling role in the alleged direct infringement and deriving a direct financial benefit from it.

A party may be vicariously or contributorily liable for the direct copyright infringement of a third party. First, vicarious liability requires that the party: "(1) has the right and ability to control [ILP's] putatively infringing activity and (2) derives a direct financial benefit from [its] activity." MDY Indus., LLC v. Blizzard Entm't, Inc., 629 F.3d 928, 938 (9th Cir. 2010).

Second, a party may be contributorily liable for another party's alleged copyright infringement for intentionally inducing or encouraging the direct infringement. Id. at 937–38. "[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing misconduct of another, may be held liable as a 'contributory' infringer[.]" Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1171 (9th Cir. 2007) (quoting Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir.1971)).

A. Lamb Publications, LLC.

The Court denies Defendants' request to dismiss OCP's claims that Lamb is liable for ILP's alleged copyright infringement.

OCP alleges that Lamb "[w]ith knowledge of the infringement . . . materially contributed to the infringing of others." Am. Compl. ¶ 29. Plaintiff further alleges that Lamb published and distributed the second edition of the Hymnal and the songbook "You Are Holy;" both of which contain OCP songs that ILP allegedly did not have licenses to reprint. Id. ¶ 27–30. The Amended Complaint contains sufficient factual allegations to support the reasonable inference that Lamb knowingly included unlicensed songs in books that it published and distributed. Therefore, the Court denies Defendants' motion to dismiss OCP's claims against Lamb.

B. Vince Ambrosetti

The Court denies Defendants' motion to dismiss OCP's claims against Ambrosetti. The Court finds that OCP has alleged sufficient factual content in its complaint to support a plausible claim for relief: vicarious liability for direct copyright infringement.

As discussed above, to be held vicariously liable for copyright infringement the defending party must: (1) have the right and ability to control the infringing activity; and (2) derive a direct financial benefit from said activity. In other words one "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) (citation omitted). To prevail under this theory, OCP must "establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement." Perfect 10, Inc., 508 F.3d at 1173. For purposes of the "control" element, "a defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." Id.

Here, OCP has alleged that Ambrosetti, as president and publisher of ILP, had access to the contracts between the parties and that he derived a direct financial benefit from the Hymnal and "You Are Holy." Am. Compl. ¶¶ 38–39. Further, OCP alleges that Ambrosetti wrote the letter identifying the OCP songs that ILP planned to reprint in the Hymnal. Id. OCP has alleged sufficient facts to support the conclusion that Ambrosetti had both the right and ability to control the infringing activity. Indeed, as the president of ILP, the Court can infer that he derived direct financial benefits from the sale of the Hymnal and You Are Holy. Therefore, the Court finds that when construing the facts in the light most favorable to the non-moving party, Plaintiff has alleged sufficient facts to demonstrate that Ambrosetti may be vicariously liable for ILP's alleged copyright infringement.

OPINION & ORDER - 11

Moreover, while there may be other grounds for dismissing claims against Ambrosetti

and Lamb, Defendants only argued that ILP is not directly liable therefore Ambrosetti and Lamb

cannot be secondarily liable. As discussed above, the Court has denied Defendants' motion to

dismiss at least some of OCP's claims against ILP. Because claims of direct copyright

infringement against ILP survive Defendants' motion to dismiss, Defendants' argument on this

ground is unavailing.

ORDER

Defendants' motion to dismiss is hereby **granted in part** for the reasons discussed above.

The motion is: **denied** with respect to the Hymnal Claims; **granted** with respect to the Songbook

Claim regarding "Glorious God"; **denied** with respect to the Songbook Claim regarding "Bright

As the Sun." The motion is **denied** with respect to OCP's claims against Lamb and Ambrosetti.

Plaintiff's request for leave to amend its complaint to include allegations that it has submitted an

application for registration of "Glorious God" is **granted**.

Dated this ____ day of _____, 2014.


MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 12